JAMES L. HARRIS *vs.* BOSTON HOUSING AUTHORITY. January 23, 1979. 1. It is clear from the judge's findings of fact, all of which are amply supported by the evidence at trial (which did not include the Jennette affidavit which has been reproduced in the defendant's record appendix) (a) that the defendant did not "terminate" the plaintiff's services under the first sentence of art. 8.10 of the contract, (b) that the defendant "abandoned" the project within the meaning of art. 8.9.1 of the contract, (c) that the defendant "abandoned" the plaintiff's services within the meaning of art. 8.9.2 of the contract, and (d) that both

"abandonments" occurred prior to the defendant's approval of the "Schematic Design Phase" of the contract as delineated in art. 3.4 thereof. Accordingly, the "just and equitable compensation" to which the plaintiff was entitled under the last sentence of art. 8.9.1 was to be determined under (i) the first sentence of art. 8.9.2, which was to apply "in the event of abandonment of the Architect's services at any time up to and including approval by the [defendant] of the Schematic Design Phase" and which contains no reference to the thirty percent limitation found in art. 6.1.2 of the contract, rather than under (ii) the second sentence of art. 8.9.2, which was to apply "[i]n case of abandonment of the Architect's services at any later stage of his work" and which contains the only reference to the percentage limitation found in art. 6.1.2. The judge's ruling on this point was entirely correct. 2. It does not appear that any question concerning the provisions or effect of 41 U.S.C. § 254 (b) (1976) was pleaded or passed on below. 3. The argument concerning the admissibility of Exhibit 20 is wholly without merit, particularly as there is nothing in the judge's findings and rulings to suggest that he deviated from the limitation which he placed on the use of the exhibit when it was received in evidence. 4. No other question has been argued within the meaning of Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). The judgment is affirmed with double costs and interest on the judgment (including the interest provided for therein) at the rate of twelve per cent per annum from March 28, 1977. G. L. c. 211A, § 15.

*So ordered.*

*George F. Mahoney,* Assistant Counsel, for the defendant.
*Stanley S. Ganz* for the plaintiff.